**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| COACH, INC., *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-1108 |
| | § | |
| ANGELA'S BOUTIQUE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Coach, Inc. sued Qi Hong Yang d/b/a Angela's Boutique ("Angela's Boutique"), alleging that the store had violated Coach's intellectual property rights by selling counterfeit handbags under the Coach brand.  Angela's Boutique filed a third-party complaint against Joel Carey Voyles d/b/a Investigation Services Company ("Voyles"), the investigator Coach used to identify sellers of counterfeit products, asserting claims for *respondeat superior*, negligence, fraud by nondisclosure, and negligent misrepresentation.  (Docket Entry No. 33).  The theory of liability is that Voyles had an obligation to tell Angela's Boutique that the many products it was selling under the Coach brand were in fact counterfeit, and that Voyles was working for Coach.  Voyles filed a motion to dismiss the complaint against him for failure to state a claim, (Docket Entry No. 37), and Angela's Boutique responded.  (Docket Entry No. 38).  Based on the pleading, the motion and response, and the applicable law, this court grants Voyles's motion to dismiss, for the reasons explained below.

**I.      Background**

Angela's Boutique is in the business of selling handbags, many of which are imitations of well-known designer brands.  (Docket Entry No. 1 ¶ 30).  Coach is a New York based company well

known for its high-end leather and mixed material products.  (Docket Entry No. 1 ¶ 13).  Coach owns a number of trademarks that it uses to brand its products.  (*Id*. ¶ 16).  Coach takes steps to protect these trademarks, and its well-established brand and image, from imitation by infringers.  Coach secured Voyles's investigative services to assist it in these efforts.  (*Id. ¶* 32).  Voyles is a licensed private investigator.  (Docket Entry No. 33 ¶ 3).  Angela's Boutique alleges that Voyles's employees entered its store on multiple occasions on Coach's behalf.  Angela's Boutique claims that on October 28, 2009 and February 14, 2010, Voyles's employees entered its store, claimed to be working for someone other than Coach, and observed imitation Coach products.  At these visits, the employees did not indicate any problems with the sale of these products, did not seize the products, and did not instruct Angela's Boutique to stop selling them.  (*Id.* ¶ 6).  On March 13, 2010, one of Voyles's investigators, working on Coach's behalf, observed approximately 300 counterfeit Coach products for sale in Angela's Boutique and purchased a counterfeit Coach handbag for $20.  (Docket Entry No. 37, p.2).  Angela's Boutique claims that the October and February encounters with Voyles's employees led it to believe that the materials "were proper for sale."

In April 2010, Voyles's employees returned to the store to serve Angela's Boutique with the summons and complaint in this suit, filed by Coach, alleging trademark and trade dress infringement, copyright infringement, trademark dilution, false designation of origin, false advertising, injury to business reputation, unfair competition, and unjust enrichment.  (Docket Entry No. 1).  Angela's Boutique filed a third-party complaint against Voyles, alleging that Voyles is liable for Angela's Boutique's continued sale of counterfeit Coach products because Voyles's employees did not tell Angela's Boutique to stop their infringing activities.  Angela's Boutique asserts causes of action based on *respondeat superior* against Coach and claims of negligence, fraud, and negligent misrepresentation against Voyles and its employees.  Angela's Boutique claims that

2

by not revealing Coach's role behind the investigation, the purpose of Voyles's presence in the store, or the counterfeit nature of the products, Voyles breached duties to not mislead or lie to Angela's Boutique. Angela's Boutique also claims that Voyles breached a duty to both Angela's Boutique and Coach by not preventing Angela's Boutique from selling the counterfeit products.  (Docket Entry No. 33).

Voyles moved to dismiss the third-party complaint for failure to state a claim.  (Docket Entry No. 37).  Voyles asserts that he owed no duty to Angela's Boutique that could give rise to a claim for negligence, negligent misrepresentation, or fraud by nondisclosure.  Voyles asserts that Angela's Boutique failed to plead necessary elements of the offenses, such as failure of reasonable care, pecuniary loss, inducement, or materiality.  Voyles also argues that it was an independent contractor and not an employee and that Coach cannot be held liable for its actions under *respondeat superior*. *Id.*  Angela's Boutique responded.  (Docket Entry No. 38).  The arguments and responses are analyzed below.

## II.    Legal Standard

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b) (6).  In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  *Twombly* rejected the Supreme Court's prior statement in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *See Twombly*, 550 U.S. at 562–63.  To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts

to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008).  Under Rule 8(a)(2), plaintiffs are not required to include " 'detailed factual allegations,' but more than 'an unadorned, the-defendant-unlawfully-harmed-me accusation' is needed." *Id.* (quoting *Twombly*, 550 U.S. at 555).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

In considering a 12(b)(6) motion, the court should only consider the factual allegations contained in the original complaint.   New facts submitted in response to a motion to dismiss to defeat the motion are not incorporated into the original pleadings.  *Schneider v. Calif. Dep't of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998); *Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996); James Wm. Moore, 2 MOORE'S FEDERAL PRACTICE, §§ 12.34[2] (Matthew Bender 3d ed. 2004).  A plaintiff may not amend his complaint "through any document short of an amended pleading." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109 n.9 (3d Cir. 2002); *Winget v. JP Morgan Chase Bank*, *N.A.*, 537 F.3d 565, 576 (6th Cir. 2008).

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice.  *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."); *see also United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004) ("Leave to amend should be freely given, and outright refusal to grant leave to amend without

4

a justification . . . is considered an abuse of discretion." (internal citation omitted)).  However, a plaintiff should be denied leave to amend a complaint if the court determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face." 6 FED. PRAC. & PROC. CIV. § 1487 (3d ed.); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) (unpublished) (per curiam) ("[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile." (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999))).

## III.    Analysis

### A.    Standing

Angela's Boutique bases some of its causes of action against Voyles on allegations that he failed to fulfill common law or contractual duties owed to Coach, such as the duty of good faith and fair dealing.  (Docket Entry No. 33 ¶ 18–19, 21).  Generally, a plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *U.S. Dep't of Labor v. Triplett*, 494 U.S. 715, 720 (1990); *Singleton v. Wulff*, 428 U.S. 106 (1976); *Holt v. JTM Indus., Inc.*, 89 F.3d 1224, 1228 (5th Cir. 1996); *Okpalobi v. Foster*, 190 F.3d 337 (5th Cir. 1999).  Exceptions to this rule exist only when the plaintiff suffers injury, the plaintiff has a "close relationship" with the third party whose claim it seeks to assert, and the third party faces some obstacle which prevents it from pursuing its own claims based on its rights and interests.  *Campbell v. Louisiana*, 523 U.S. 392, 397 (1998); *Powers v. Ohio*, 499 U.S. 400, 411 (1991); *Peterson v. Cain*, 302 F.3d 508, 512 (5th Cir. 2002).  There is no relationship between Coach and Angela's Boutique that would allow it to assert claims based on a theory that Voyles breached duties owed to Coach.  *Powers*, 499 U.S. at 411.  Furthermore, Coach is the plaintiff in the original suit, and there is no showing that Coach faced any obstacle to asserting claims against Voyles, had it chosen

to do so.  *Kowalski v. Tesmer*, 543 U.S. 125, 139 (2004).  To the extent the third-party complaint alleges that Voyles breached duties owed to Coach, the complaint is dismissed.

**B.      Negligence, Fraud by Omission, and Negligent Misrepresentation**

Angela's Boutique asserts claims of negligence and fraud against Voyles.  A cause of action for negligence in Texas must assert a legal duty owed by the defendant to the plaintiff, a breach of that duty, and damage to the plaintiff proximately caused by the breach.  *D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002); *El Chico Corp v. Poole*, 732 S.W.2d 306, 311 (Tex. 1987).  The elements of negligent misrepresentation are:

> (1)  the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies "false information" for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation.

*Fed. Land Bank Ass'n v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991).  The elements of fraudulent misrepresentation are:

> (1)  the defendant made a material misrepresentation; (2) the defendant knew the representation was false or made the representation recklessly without any knowledge of its truth; (3) the defendant made the representation with the intent that the other party would act on that representation or intended to induce the party's reliance on the representation; and (4) the plaintiff suffered an injury by actively and justifiably relying on that representation.

*Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, — S.W. 3d — , 2011 WL 1226100, at *18 (Tex. Apr. 1, 2011).

When the alleged misrepresentation is a failure to speak, the elements are identical, except that "the misrepresentation element can be proven by the nondisclosure or concealment of a material fact in light of a duty to disclose."  *United Teacher Assocs. Ins. Co. v. Union Labor Life Ins. Co.*,

6

414 F.3d 558, 567–68 (5th Cir. 2005).

All the claims advanced by Angela's Boutique, whether founded on acts or omissions of Voyles and his employees, depend on the existence of a duty owed to Angela's Boutique by Voyles. A threshold question for negligence claims is the existence of a legal duty. *Otis Eng'g Corp v. Clark*, 668 S.W.2d 307, 309 (Tex. 1983). A claim of fraudulent or negligent misrepresentation based on omission cannot arise in the absence of a duty to disclose the omitted information. *Bradford v. Vento*, 48 S.W.3d 749, 755 (Tex. 2001) ("As a general rule, a failure to disclose information does not constitute fraud unless there is a duty to disclose the information."); *Ins. Co. of N. Am. v. Morris*, 981 S.W.2d 667, 674 (Tex. 1998); *Coburn Supply Co. v. Kohler Co.*, 342 F.3d 372, 377 (5th Cir. 2003) ("In Texas, non-disclosures cannot be negligent unless there is a duty to disclose."); *Steptoe v. True*, 38 S.W.3d 213, 219–20 (Tex. App. — Houston [14th Dist.] 2001, no pet.) ("In order to prove negligent misrepresentation, [the plaintiff] must, as a threshold matter, prove that [the defendant] owed her a duty.").

Angela's Boutique's claims of negligence and fraud cannot survive a Rule 12(b)(6) motion because the facts alleged in the complaint defeat the existence of any duty owed by Voyles to Angela's Boutique. Angela's Boutique alleges that Voyles owed to it a duty "not to mislead, lie, falsify, withhold information," and to "seize such materials [the imitation Coach products] or to notify the Defendants to cease selling them." (Docket Entry No. 33 ¶ 18–19). In essence, Angela's Boutique claims that Voyles had a duty to disclose his employer or principal and his investigative mission in visiting the store, and either to notify Angela's Boutique that it was not permitted to sell the counterfeit handbags or to physically prevent Angela's Boutique from doing so. The facts alleged defeat liability, as a matter of law. Voyles had no duty to inform Angela's Boutique of Voyles's purpose in visiting the shop or Voyles's relationship to Coach. Nor did Voyles have any

7

duty to tell Angela's Boutique that it was violating the law in selling counterfeit Coach bags.  There is no duty to tell another not to violate the law.  *See Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990) (an employer is not obligated to instruct its employees not to violate the law.); *Gabaldon v. Gen. Motors Corp.*, 876 S.W.2d 367, 369 (Tex. App. — El Paso 1993, no writ) (there is no duty "to instruct another not to violate the law").

"Under Texas law, in the absence of a relationship between the parties giving rise to the right of control, one person is under no legal duty to control the conduct of another, even if there exists the practical ability to do so."  *Loram Maint. of Way, Inc. v. Ianni*, 210 S.W.3d 593, 596 (Tex. 2006)*;* (citing *Graff v. Beard,* 858 S.W.2d 918, 920 (Tex. 1993)).  The category of relationships that give rise to such a right to control includes an employer and an employee, a parent and a child, or some other form of guardianship.  *See Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990).  Angela's Boutique alleges that Voyles's duty to prevent the infringement arose from the nature of his work on Coach's behalf.  (*Id.* ¶ 21 (#2)).  Because the facts alleged in Angela's Boutique's complaint defeat the existence of any legal duty owed by Voyles, the claims for negligent and fraudulent misrepresentation by omission cannot proceed.  *Alcoa, Inc. v. Behringer*, 235 S.W.3d 456 (Tex. App. — Dallas 2007, pet. denied).

Whether Voyles was an employee or an independent contractor of Coach does not affect the conclusion that, as a matter of law, Voyles owed no duty to Angela's Boutique to disclose that  when Voyles's agents visited the store, they did so on Coach's behalf, or that Angela's Boutique was selling counterfeit Coach purses.  The third-party complaint alleges that the relationship between Angela's Boutique and Voyles was limited to the incidents in October 2009 and February 2010 and the service of the present suit in April 2010.  *Id.*  Angela's Boutique has not pleaded the existence of any relationship between itself and Voyles that would create a duty to disclose employment

8

status, to disclose the illegal nature of Angela's Boutique's goods, or to control the conduct of Angela's Boutique. *Faircloth*, 898 S.W.2d at 280.

Voyles cannot be held liable for failing to take action to prevent the continued infringement by Angela's Boutique after Voyles's agents saw the counterfeit goods displayed for sale. *Bird v. W.C.W.*, 868 S.W.2d 767, 769 (Tex. 1994); *El Chico*, 732 S.W.2d at 312 ("The common law recognizes the duty to take affirmative action to control or avoid increasing the danger from another's conduct which the actor has at least partially created."); *Otis*, 668 S.W.2d at 309 (employer had a duty to prevent the negligent actions of an intoxicated employee who was known to have an alcohol problem but allowed to continue work.). Angela's Boutique alleges that Voyles failed to stop the sale of materials that were already "in plain view." (Docket Entry No. 33 ¶ 19). Voyles had no duty to prevent continued infringement that his employees merely witnessed. *Morris*, 981 S.W.2d 667, 674.

The causes of action in Angela's Boutique's third-party complaint are insufficient. They fail to allege any legal duty owed by Voyles to Angela's Boutique. Taking the facts in the complaint as true, the third-party complaint fails to state a cause of action on which relief can be granted. Because Angela's Boutique has not alleged that Voyles committed any tort, its claim of *respondeat superior* against Coach is moot.

## IV. Conclusion

Voyles' motion to dismiss the third-party complaint against him is granted. No leave to amend is granted because amendment would be futile.

SIGNED on June 15, 2011, at Houston, Texas.

Lee H. Rosenthal

9

United States District Judge