**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| COACH, INC., *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-1108 |
| | § | |
| ANGELA'S BOUTIQUE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Coach, Inc. sued Qi Hong Yang d/b/a Angela's Boutique ("Angela's Boutique"), alleging that the defendant sold counterfeit Coach handbags. Angela's Boutique filed a third-party complaint against Joel Carey Voyles d/b/a Investigation Services Company ("Voyles")—an investigator Coach used to identify sellers of counterfeit products—for failing to reveal that when Voyles agents visited the Boutique, it was to investigate on behalf of Coach, and for failing to warn the Boutique that it was selling counterfeit goods. The third-party complaint asserted claims for negligence, fraud by nondisclosure, and negligent misrepresentation against Voyles. (Docket Entry No. 33).

On June 15, 2011, this court dismissed the complaint against Voyles under Federal Rule of Civil Procedure 12(b)(6). (Docket Entry No. 40). This court found that Voyles did not owe Angela's Boutique any duty that was breached and that the complaint failed to state a claim on which relief could be granted. Because amendment would have been futile, the dismissal of the third-party complaint was with prejudice. Angela's Boutique has moved for reconsideration. (Docket Entry No. 41). Angela's Boutique argues that the dismissal failed to account for allegations made in its response to Voyles's motion to dismiss. The allegations are that "Voyles told Third

Party Plaintiff to get rid of the offending materials as she saw fit." (*Id.* at ¶ 2.02). Angela's Boutique argues this "oral representation to Third Party Plaintiff to get rid of the allegedly offending materials as she saw fit then created a duty between Voyles and Third Party Plaintiff." (*Id*. at ¶ 2.03). Because these allegations do not alter the basis for the dismissal, Angela Boutique's motion for reconsideration is denied.

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 (5th Cir. 2004); *see also St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). Reconsideration motions are generally analyzed under the standards for a motion to alter or amend judgment under Rule 59(e) or a motion for relief from a judgment or order under Rule 60(b). *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998). Rule 59(e) governs when the reconsideration motion is filed within 28 days of the challenged order or when the motion seeks reconsideration of an interlocutory order. *Steadfast Ins. Co. v. SMX 98, Inc.*, Civ. A. No. H–06–2736, 2009 WL 3190452, at *4–5 (S.D. Tex. Sept. 28, 2009) (drawing the line at 10 days instead of 28 days because the case was decided before the amendments to Rule 59 took effect on December 1, 2009). Rule 59(e) applies, because this court has not entered judgment.

A Rule 59(e) motion "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (citing *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). "A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.' " *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (quoting *Simon v.*

*United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). The Fifth Circuit warns that altering, amending, or reconsidering a judgment under Rule 59(e) is an extraordinary remedy that courts should use sparingly. *Templet*, 367 F.3d at 479; see also 11 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2810.1, at 124 (2d ed. 1995).  The Rule 59(e) standard "favors denial of motions to alter or amend a judgment." *S. Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

Allegations contained in a response to a motion to dismiss are not appropriately considered in a Rule 12(b)(6) motion, which evaluates the sufficiency of the complaint itself and does not consider allegations not contained in the pleadings. *Schneider v. Calif. Dep't of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998); *Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996); JAMES W. MOORE, 2 MOORE'S FEDERAL PRACTICE, § 12.34[2] (Matthew Bender 3d ed. 2004).  But even if these allegations were included in an amended pleading, this court's decision would be the same because, as a matter of law, they do not allege facts that could impose on Voyles a duty to inform Angela's Boutique that he worked for Coach or that the Boutique was selling counterfeit Coach handbags.

Angela's Boutique has asserted claims for negligence, negligent misrepresentation, and fraud by nondisclosure. (Docket Entry No. 33).  Each claim requires the existence of a legal duty owed to the plaintiff by the defendant. *Otis Eng'g Corp v. Clark*, 668 S.W.2d 307, 309 (Tex. 1983); *Ins. Co. of N. Am. v. Morris*, 981 S.W.2d 667, 674 (Tex. 1998); *Coburn Supply Co. v. Kohler Co.*, 342 F.3d 372, 377 (5th Cir. 2003).  As this court's previous opinion makes clear, because Angela's Boutique intended to sell counterfeit Coach handbags before Voyles or his agents came to the Boutique, it cannot claim that Voyles negligently induced it to violate the law. *See Loram Maint.*

*of Way, Inc. v. Ianni*, 210 S.W.3d 593, 596 (Tex. 2006) ("Under Texas law, in the absence of a relationship between the parties giving rise to the right of control, one person is under no legal duty to control the conduct of another, even if there exists the practical ability to do so."); *El Chico Corp. v. Poole*, 732 S.W.2d 306, 312 (Tex. 1987) ("The common law recognizes the duty to take affirmative action to control or avoid increasing the danger from another's conduct which the actor has at least partially created."). Voyles also had no duty to inform Angela's Boutique of the law's requirements. *See Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990); *Stafford Mfg. Co. v. Wichita Sch. Supply Co.*, 23 S.W.2d 695, 697 (Tex. Comm'n App. 1930) ("The rule is too elementary to require the citation of authority that all persons are conclusively presumed to know the law.").

Angela's Boutique argues that "once Voyles had an assigneded case investigation number from Plaintiff for Third Party Plaintiff and then made oral representations to Third Party Plaintiff, he could have at that moment confiscated the allegedly offending items pursuant to Plaintiff's own policies, but instead told Plaintiff to get rid of the materials as she saw fit. Voyles therefore undertook a duty to the Defendant here." (Docket Entry No. 41 at ¶ 2.04).[1] There is, however, no basis to impose a duty on Voyles to confiscate the offending items. There was no fiduciary or other relationship between Angela's Boutique and Voyles, or any voluntary undertaking for the benefit of Angela's Boutique, that could impose the duties alleged. *Four Bros. Boat Works, Inc. v. Tesoro Petroleum Cos., Inc.*, 217 S.W.3d 653, 669 (Tex. App. — Houston [14th Dist.] 2006, pet. denied). *Colonial Savs. Ass'n v. Taylor*, 544 S.W.2d 116, 119 (Tex. 1976) (quoting RESTATEMENT (SECOND)

---

[1] The motion to reconsider continues the patter of asserting causes of action that Angela's Boutique lacks standing to enforce. It is not necessary to repeat the reasons why Angela's Boutique may enforce only its own rights—not those of Coach, Inc.—in ths court.

OF TORTS § 323).  Under Texas law, a duty to disclose may arise when a party makes a voluntary partial disclosure, but fails do disclose the whole truth or conveys a false impression.  *Hoggett v. Brown*, 971 S.W.2d 472, 487 (Tex. App. — Houston [14th Dist.] 1997, no writ) (citing *Formosa Plastics Corp. v. Presidio Eng'rs & Contractors, Inc.*, 941 S.W.2d 138, 146–47 (Tex. App.— Corpus Christi, 1995), *rev'd on other grounds*, 960 S.W.2d 41 (1997)).  Even the voluntary partial disclosure would not create other duties, including a duty to take such affirmative acts as seizing the counterfeit goods.  There is no basis to permit the proposed third-party complaint to proceed.

## III.    Conclusion

The motion for reconsideration is denied.

SIGNED on July 5, 2011, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

5